IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| KEVIN CARR, ) | CIVIL ACTION NO. 2:15-1769-SB-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| ADRIENNE THOMPSON AND ) | |
| THOMPSON TRUCKING CO., INC. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This case was originally filed in Charleston County Small Claims Court, wherein Plaintiff was suing the Defendant Adrienne Thompson for "unpaid wages, stolen property, fraud, mental anguish[,] race discrimination". Plaintiff also made a reference to the Defendant wanting to "break [Department of Transportation] laws". Plaintiff sought damages in the amount of Seven Thousand Five Hundred Dollars. See Court Docket No. 1-1, pp. 4-5. Because the Plaintiff also referenced an EEOC charge in his Complaint, the Defendant construed Plaintiff's Complaint as asserting a claim for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., and removed this action to Federal Court on April 23, 2015.

Pursuant to a motion for a more definite statement and resulting Order of the Court filed May 15, 2015, Plaintiff filed an Amended Complaint on May 29, 2015, in which Thompson Trucking was added as a party Defendant. See Court Docket No. 16 [Amended Complaint]. In his



Amended Complaint, Plaintiff sets forth his claims against the Defendants as follows:

> On, November 19, 2013 a tuesday I, myself Kevin Robert Carr was fired for following D.O.T. laws, (Department of Transportion). (1) Code of Laws Title 56 Chapter 5, page 487 federal motor carrier safety regulations pocket book (§ 395.5). Any C.D.L. driver who drives 14 hours, must have 10 consecutive hours off duty. (2) Also, using a cell phone while driving a C.D.L. truck is prohibited; page 364 federal motor carrier safety regulations pocket book (§ 392.82). Adrienne Thompson, the CEO and head of Thompson Trucking ignored the D.O.T. laws. I was fired for doing my duty in the correct and lawfull manner. Andy Shrider, lied to the C.E.O. of Thompson Trucking and said he was tracking my truck. But, how. I was on duty from 4:45 am till 6:15 pm on Monday, November 18, 2013. I was on duty 13 ½ hours plus, 30 minutes to and from work. He, Andy Shrider could not track me. I'm suppose to be off duty for 10 hours. This action also occurred on Nov. 19, 2013 Tuesday. (3) On Jan. 9, 2014 a Thursday. Pan Farley, of Thompson Trucking Human Resources department. Lied under oath to the South Carolina Unemployment department. Pam Farley, had no first-hand knowledge of any actions that occured Nov. 19, 2015 tuesday. (4) Kristie Lawler, who was present at my termination explained that other employees of Thompson Trucking are white and special. These men Dan Thompson, Roy Kennedy, Joe Bennent and Mike Turner. Also on Nov. 19, 2013. I, myself Kevin Robert Carr was also discriminated for my race. I have two notices of right to sue letters. One from the E.E.O.C. and another from the SHAC/RET (amended). I'm a black man and was treated different and unfair.

Plaintiff seeks damages in the amount of Twelve Thousand Dollars. See generally, Amended Complaint.

On June 15, 2015, the Defendants filed an Answer as well as a partial motion to dismiss pursuant to Rule 12(b), Fed.R.Civ.P. As the Plaintiff is proceedings pro se, a Roseboro Order was entered by Court on June 16, 2015, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion could be granted. Plaintiff thereafter filed a one page response in opposition on July 1, 2015, to which the Defendants filed a reply memorandum on July 13, 2015.



The Defendants' motion for partial dismissal is now before the Court for disposition.[1]

## Discussion

When considering a Rule 12 motion to dismiss, the Court is required to "accept the allegations in the [pleading] as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991) (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). See also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level]. Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard.

However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review of the Complaint and the

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e)(g), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



arguments presented, the undersigned concludes for the reasons set forth hereinbelow that the Defendants' motion should be granted.

Initially, it must be said that it is not really clear what claims Plaintiff may be asserting outside of his claim that he was terminated due to this race (African American) in violation of Title VII. See Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; Ashcroft, 129 S.Ct. at 1949 [Plaintiff must set forth sufficient factual matters to state a plausible claim for relief "on its face"]; see also Austen v. Cattertion Partners V, LP, 709 F.Supp.2d 172 (D.Conn. 2010)[Plaintiff required to provide adequate notice to the defendant of the basis for the lawsuit and to make a claim plausible]. Plaintiff does reference in the narrative of his Complaint that he was "fired for following D.O.T. laws" which, liberally construed, the Defendants have addressed as a potential claim under the Federal Motor Carrier Safety Regulations. However, even if Plaintiff has intended to assert such a claim, Defendants argue, and the undersigned agrees, that it is subject to dismissal.

These safety regulations are applicable to commercial motor vehicles, and are enforced by the Federal Motor Carrier Safety Administration, which is part of the U. S. Department of Transportation. See 49 U.S.C. § 113. Plaintiff would appear to be alleging that he was fired in retaliation for following these safety regulations and/or for refusing to violate them, which would be a viable claim under the Surface Transportation Assistance Act (STAA). See 49 U.S.C. § 31105(a) [Anti-retaliation statute]. However, the STAA requires that, before a Plaintiff can assert a claim for retaliation under that Act, they must first exhaust their administrative remedies by filing a complaint with the Secretary of Labor and completing that review process. See 49 U.S.C. §



31105(b)(c) and (d); see also Bailiff v. Davenport Transportation, Inc., No. 13-308, 2013 WL 6229150, at * 3 (W.D.N.C. Dec. 2, 2013). Defendants correctly note that Plaintiff has failed to allege anywhere in his Complaint that he exhausted his administrative remedies under the STAA prior to filing this lawsuit, nor does Plaintiff even address this issue in his response, even though it was extensively briefed in Defendants' motion to dismiss. Therefore, to the extent Plaintiff has intended to assert a Federal Motor Carrier Safety Regulation claim, it is subject to dismissal. Bailiff, 2013 WL 6229150, at * 3 [Dismissing claim for retaliation under the STAA where Plaintiff failed to allege he exhausted his administrative remedies]; Rose v. Anderson Hay & Grain Co., No. 10-55, 2010 WL 3211948, at * 1 (E.D.Wa. Aug. 6, 2010) [Dismissing STAA claim for lack of subject matter jurisdiction where Plaintiff did not allege he had pursued appropriate administrative remedies]; see also Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"].[2]

        Finally, Defendants correctly note that with respect to Plaintiff's remaining Title VII claim, the Defendant Adrienne Thompson cannot be sued individually under this statute. The Fourth Circuit has clearly held that individual Defendants do not qualify as "employers" for purposes of a Title VII lawsuit. Lissau v. Southern Food Service, Inc., 159 F.3d 177, 180-181 (4th Cir. 1998); Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) [stating that "Title VII does not provide a remedy

---

[2] The undersigned notes that, apparently out of an abundance of caution, the Defendants also addressed two other potential state law claims: 1) wrongful termination in violation of public policy, and 2) perjury. However, the undersigned does not find that the allegations of Plaintiff's Complaint, even liberally construed, encompass any such separate claims or causes of action, and these issues therefore have not been addressed herein. In any event, even if the Court were to consider any such claims, they would be subject to dismissal for the reasons set forth in Defendants' brief.



against individual Defendants who do not qualify as 'employers.'"]; see also Jones v. Tyson Foods, Inc., 378 F.Supp.2d 705, 708 (E.D.Va. 2004); Dalton v. Jefferson Smurfit Corp., 979 F.Supp. 1187, 1201-1203 (S.D.Ohio 1997); Jones v. Sternheimer, 387 Fed.Appx. 366 (4th Cir. 2010) [No individual liability under Title VII]; McNeal v. Montgomery County, Md, 307 Fed.Appx. 766, 775, n. 6 (4th Cir. 2009) ["[O]nly an employer, and not an individual employee, may be held liable . . ."]; Bailey v. Faurecia, et al., No. 09-2013, 2010 WL 5600910, at * 2 (D.S.C. Dec. 1, 2010)["Employees and supervisors are not liable in their individual capacities for violations of Title VII"], adopted, 2011 WL 165829 (D.S.C. Jan. 19, 2011).  As such, Adrienne Thompson is entitled to dismissal as a party Defendant in this case.

## Conclusion

Based on the foregoing, it is **recommended** that, to the extent Plaintiff has intended to assert a claim under the STAA, that any such claim be **dismissed** for the reasons stated.  Adrienne Thompson is also entitled to **dismissal** as a party Defendant in this case, again for the reasons stated.

If the Court adopts these recommendations, the case will continue as a Title VII claim being asserted against the Defendant Thompson Trucking Co, Inc.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 1, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

