IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| KEVIN CARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:15-1769-SB |
| v. | ) |
| | ) |
| ADRIENNE THOMPSON AND | ) **ORDER** |
| THOMPSON TRUCKING CO., INC., | ) |
| | ) |
| Defendants. | ) |



This matter is before the Court upon the Plaintiff's pro se complaint, which was removed to this Court on April 23, 2015, based on the Plaintiff's discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–e17. The Plaintiff filed an amended complaint on May 29, 2015, adding Thompson Trucking Co., Inc. ("Thompson Trucking") as a Defendant. On June 15, 2015, the Defendants filed an answer and a motion to partially dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., the matter was referred to a United States Magistrate Judge for initial review.

On October 1, 2015, the Magistrate Judge issued a report and recommendation ("R&R"), finding that, to the extent the Plaintiff intended to assert a claim under the Surface Transportation Assistance Act ("STAA"), such a claim should be dismissed. In addition, the Magistrate Judge recommended that Adrienne Thompson be dismissed as a Defendant, leaving this case to proceed as a Title VII claim against Thompson Trucking. Attached to the R&R was a notice advising the Plaintiff of his right to file written, specific objections to the R&R within fourteen days of receiving a copy. To date, no objections

have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, no objections were filed, and the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court **adopts the R&R** (Entry 33) and grants the Defendants' motion for partial dismissal (Entry 23). As a result, any claim pursuant to the STAA is dismissed, Defendant Adrienne Thompson is dismissed as a Defendant, and this matter shall proceed as a Title VII action against Defendant Thompson Trucking.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

October 21, 2015
Charleston, South Carolina