IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Kevin Carr, | ) | Civil Action No. 2:15-1769-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Thompson Trucking Co., Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary judgment for Defendant. For the reasons set forth below, the Court adopts the Report and Recommendation and grants summary judgment for Defendant.

I. **Background**

Plaintiff Kevin Carr, an African-American male, was hired by the Defendant Thompson Trucking Company as a truck driver in October 2012. Plaintiff received three written warnings in the six months prior to the event that resulted in his termination in November 2013. On May 1, 2013, Plaintiff was issued a written warning for careless operation and failure to report an accident that had taken place on April 30, 2013. Plaintiff was issued a second warning for self-dispatching in violation of Defendant's dispatch procedures. On October 25, 2013, Plaintiff was issued a third written warning after another truck driver reported that Plaintiff had acted inappropriately towards a female driver. On November 19, 2013, Plaintiff was terminated for another violation of Defendant's dispatch procedures.

Following his termination, Plaintiff filed a claim for discrimination with the South Carolina Human Affairs Commission. After exhaustion of his administrative remedies, Plaintiff filed this action in Charleston County Small Claims Court, naming Adrienne Thompson as Defendant.

Defendant Thompson construed the complaint as asserting a claim for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and removed the action to this Court. An amended complaint named Thompson Trucking as an additional Defendant. On October 15, 2015, the Honorable Sol Blatt, Jr., Senior United States District Judge, granted Defendant's partial motion for summary judgment and dismissed Adrienne Thompson from this action. In his remaining cause of action against the remaining Defendant, Thompson Trucking, Plaintiff alleges race discrimination in violation of Title VII. Defendant has moved for summary judgment on this remaining claim. The Magistrate Judge recommended summary judgment for Defendant on May 24, 2016. (R. & R., Dkt. No. 61.) Plaintiff filed objections to the Report and Recommendation on June 2, 2016. (Obj., Dkt. No. 63.)

II.   **Legal Standard**

   A.   **Report and Recommendation of the Magistrate Judge**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though

the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

### B.   Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.   Analysis

Plaintiff claims disparate treatment, based on his assertion that he was subjected to racial discrimination when he was disciplined and discharged. He must prove intentional discrimination, either by direct evidence or by the process set forth in *McDonnell Douglas Corp. v. Green*, 411

U.S. 792 (1973). *McDonnell Douglas* requires a plaintiff to establish a *prima facie* case of discrimination and to show that the legitimate reasons (if any) the defendant asserts for its actions are pretextual. 411 U.S. at 802–05. Plaintiff has not offered any direct evidence of racial discrimination, and the Magistrate Judge found that Plaintiff failed to present sufficient circumstantial evidence to create a genuine issue of fact as to whether any of his complained of employment actions could establish a *prima facie* case for racial discrimination. (R. & R. 7.) The Court agrees.

To *prima facie* case of race discrimination, Plaintiff must show (1) that he is a member of a protected class; (2) that he was performing his job satisfactorily; (3) that he was subjected to an adverse employment action; and (4) that he was replaced by someone from outside of his protected class (in the case of termination) or that there is some other evidence giving rise to an inference of unlawful discrimination. *See Hughes v. Bedsole*, 48 F.3d 1376, 1383 (4th Cir. 1995). Here, Plaintiff received three written disciplinary warnings over a short period prior to being discharged for a fourth disciplinary infraction. Even when considering the evidence in the light most favorable to Plaintiff, there is no genuine dispute that Plaintiff was not meeting his employer's legitimate expectations for the performance of his job. *Cf. Robinson v. Fred Store, Inc.*, Civ. No. 10-2847, 2013 WL 4505406, at * 5 (D.S.C. Aug. 22, 2013); *Mahomes v. Potter*, 590 F. Supp. 2d 775, 782 (D.S.C. 2008).

Plaintiff argues that he was a good employee and Defendant unfairly disregarded mitigating circumstances when reprimanding him. (*See* Obj. 1–2.) But it is the employer's perception of his performance, not his, which is necessary to show a question of fact. *See King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003); *Beall v. Abbott Labs.*, 130 F.3d 614, 619–20 (4th Cir. 1997). The three disciplinary warnings are uncontroverted evidence of his employer's

perception of Plaintiff's performance. Further, even if this Court were to assume that the evidence presented suffices to create an issue of fact as to whether Plaintiff was adequately performing his job, Plaintiff offers nothing suggesting that those warnings were pretextual cover for racial animus or that his termination was motivated by racial animus. "In order to make out a prima facie case of discriminatory termination, a Plaintiff must ordinarily show that the position ultimately was filled by someone not a member of the protected class." *Brown v. McLean*, 159 F.3d 898, 905 (4th Cir. 1998). Plaintiff was replaced by O'Bryant Washington, an African-American male who still works for Defendant. (R. & R. 9.) "[R]eplacement within the protected class gives rise to an inference of nondiscrimination with respect to the protected status" and Plaintiff is required "as part of [his] prima facie case, to eliminate this inference of non-discrimination." *Miles v. Dell, Inc.*, 429 F.3d 480, 488 (4th Cir. 2005).

Instead, Plaintiff argues that differential treatment received by seven white employees supports an inference of race discrimination regarding his own termination. However, four persons identified by Plaintiff as white employees receiving preferential treatment are not employees of Defendant. (R. & R. 10.) Regarding the three employees of Defendant whom Plaintiff identified as possible comparators, the Magistrate Judge, after thorough review of the evidentiary record, found no evidence that those employees engaged in the same type of conduct as the Plaintiff without receiving comparable discipline. (*Id.* 10–12.) The Court agrees, and notes that Plaintiff's objections do not address the Magistrate Judge's findings regarding possible comparators at all. Instead, Plaintiff argues that his termination for violating Defendant's dispatch procedures was unfair because his dispatcher was relatively new to the job and was unavailable at times when he should have been available. (Obj. 1–2.) However, "federal courts are not review boards for local employment decisions." *Colbert v. Tapella*, 677 F. Supp. 2d 289, 295 (D.D.C. 2010). Because

Plaintiff has failed to establish a *prima facie* case of racially disparate treatment, Defendant is entitled to summary judgment. *See Hawkins v. Pepsico, Inc.*, 203 F.3d 274, 281 (4th Cir. 2000).

### IV.  Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 61) and **GRANTS** Defendant's motion for summary judgment.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 9, 2016
Charleston, South Carolina